**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT M. FRANCO, JR., <br><br>   Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES et al., <br><br>   Defendants. | Case No. CV 15-0601-JFW (JPR) <br><br> ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

    Plaintiff filed pro se his civil-rights complaint on January 27, 2015, and two days later the Court granted his request to proceed in forma pauperis. On February 23, 2015, the Magistrate Judge dismissed the Complaint with leave to amend because it suffered from numerous deficiencies. She expressly warned Plaintiff that if he failed to timely file a sufficient amended complaint by March 16, 2015, his lawsuit would be subject to dismissal for the reasons stated in the order and for failure to prosecute. To date, Plaintiff has not filed an amended complaint.

    <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per

curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute.  See also Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In determining whether to dismiss a pro se plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (internal quotation marks omitted).  Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal.  In particular, Plaintiff has offered no explanation for his failure to file an amended complaint.  Thus, he has not rebutted the presumption of prejudice to Defendants.  No less drastic sanction is available, as Plaintiff has ceased communicating with the Court, and the Court is therefore unable to manage its docket.  Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (upholding dismissal of pro se

civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); <u>Baskett v. Quinn</u>, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and for the reasons outlined in the Magistrate Judge's February 23, 2015 order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 16, 2015

JOHN F. WALTER
U.S. DISTRICT JUDGE

Presented by:

<u>JEAN ROSENBLUTH</u>
Jean P. Rosenbluth
U.S. Magistrate Judge